

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| Equal Employment Opportunity Commission, | ) ) ) ) CIVIL ACTION NO. 04 C 2707 |
| Plaintiff, | ) ) ) Judge Gettleman |
| v. | ) ) Magistrate Judge Mason |
| T-Mobile USA, Inc., formerly known as VoiceStream Wireless, | ) ) ) |
| Defendant. | ) |

RECEIVED EEOC
NOV 2 2 2005
CHICAGO DISTRICT OFFICE

## CONSENT DECREE

### THE LITIGATION

1. Plaintiff Equal Employment Opportunity Commission (the "EEOC") filed this action alleging that Defendant T-Mobile USA, Inc. ("T-Mobile") violated Sections 703(a)(1) and 704(a) of Title VII, 42 U.S.C. § 2000e-2(a)(1) and § 2000e-3(a) by failing to remedy and prevent sexual harassment against Gerardine Baugh in 2001 and 2002, and by terminating her on about September 25, 2002 in retaliation for her having previously filed two charges of discrimination with the Commission.

2. In the interest of resolving this matter, the parties have agreed that this action should be finally resolved by entry of this Consent Decree (hereafter "Decree"). This Decree fully and finally resolves any and all issues and claims arising out of the Complaint filed by the EEOC. This Decree applies to Defendant's facility at 8550 West Bryn Mawr Ave., Chicago, 60631, and to any successors to it (hereafter "Chicago facility").

### FINDINGS

3. Having carefully examined the terms and provisions of this Decree, and based on the pleadings, record, and stipulations of the parties, the Court finds the following:

    a. This Court has jurisdiction of the subject matter of this action and of the parties.

    b. The terms of this Decree are adequate, fair, reasonable, equitable, and just. The rights of EEOC, Defendant, Gerardine Baugh and the public interest are adequately protected by this Decree.



c. This Decree conforms with the Federal Rules of Civil Procedure and Title VII and is not in derogation of the rights or privileges of any person. The entry of this Decree will further the objectives of Title VII and will be in the best interests of the parties, and the public.

**NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED THAT:**

### INJUNCTION AGAINST DISCRIMINATION

4. Defendant, its officers, agents, management (including supervisory employees), successors and assigns, and all persons in active concert or participation with it, are hereby enjoined from creating, facilitating or permitting, the existence of a work environment that is hostile to employees on the basis of their sex.

### NON-RETALIATION

5. Defendant, its officers, agents, management (including supervisory employees), successors, assigns and all persons in active concert or participation with it, are hereby enjoining from engaging in any form of retaliation against any person because (s)he opposed any practice made, unlawful under Title VII, filed a Charge of Discrimination under Title VII, testified or participated in any manner in any investigation, proceeding, or hearing under Title VII, or asserted any rights under this Decree.

### MONETARY RELIEF

6. Defendant shall pay a total of $100,000 to Gerardine Baugh within fifteen (15) business days after receipt from her of a signed Release Agreement, attached as Exhibit A. The $100,000 shall consist of two parts. $25,000 shall be compensation for back pay, from which Defendant may deduct the amounts required by law for Baugh's income taxes, as well as Baugh's share of FICA taxes. $75,000 shall be deemed damages, from which there shall be no deductions, and for which Defendant shall issue a Form 1099. Defendant shall send the checks to Baugh by certified mail to the address provided by counsel for the EEOC. Copies of the checks shall be mailed on the same date to the EEOC.

### POSTING OF NOTICE

7. Within ten (10) business days after entry of this Decree, Defendant shall post copies of the Notice attached as Exhibit B, on the bulletin boards usually used for communicating with employees at it Chicago facility. The notice shall remain posted for the term of this Decree. Defendant shall take all reasonable steps to ensure that the posting is not altered, defaced or covered by any other material. Defendant shall certify to the EEOC in writing within ten (10) business days after entry of the Decree that the Notice has been properly posted. Defendant shall permit a representative of the EEOC to enter their premises to verify compliance with this Paragraph at any time during normal business hours without prior notice.

## RECORD KEEPING

8. For the duration of this Decree, Defendant shall maintain and make available for inspection and copying by the EEOC records (including name, work address, work telephone numbers (both cell phone number and landline number), and sex of each employee (including temporary employees) at its Chicago facility who complains of sexual harassment or retaliation. Such reports shall indicate the date the complaint was made, who made it, what was alleged, and what actions Defendant took to resolve the matter.

9. Defendant shall make all documents or records referred to in Paragraph 8 above, available for inspection and copying within ten (10) business days after the EEOC so requests. In addition, Defendant shall make available on ten (10) business day notice its supervisory personnel whom the EEOC requests to interview for purposes of verifying compliance with this Paragraph.

## REPORTING

10. Defendant shall furnish to the EEOC the following written reports every six months for the term of this Decree. The first report shall be due six (6) months after entry of the Decree. Each such report shall contain the name and work address and work phone numbers (both cell phone number and landline number) of each employee (including temporary employees) at its Chicago facility who complained of sexual harassment or retaliation and the nature of the complaint. If no employee made such a complaint Defendant shall submit a signed statement so stating. Each report shall contain a statement signed by Defendant that the Notice required to be posted in 7, above, remained posted during the entire six (6) month period preceding the report.

## POLICIES AGAINST SEXUAL HARASSMENT AND RETALIATION

11. Defendant maintains and distributes, and shall continue to maintain and distribute, policies prohibiting harassment, including sexual harassment, and retaliation in the workplace.

Defendant has submitted a copy of said policies to the EEOC. This Paragraph does not mean that EEOC or the Court approves of Defendant's anti-retaliation or anti-harassment policies.

## TRAINING

12. Defendant hereby represents that each supervisor and manager at Defendant's Chicago facility has received, within at least the past 13 months, "Harassment Awareness Training." Defendant will continue to provide this and/or comparable training on a periodic basis (at least two times during the term of this Decree) to its supervisors and managers.

## DISPUTE RESOLUTION

13. If during the term of this Decree any party to this Decree believes that another party has failed to comply with any provision(s) of the Decree, the complaining party shall notify the other party of the alleged non-compliance and shall afford the alleged non-complying party twenty (20) business days to remedy the non-compliance or to satisfy the complaining party that the alleged non-complying party has complied. If during the term of this Decree the alleged non-complying party has not remedied the alleged non-compliance or satisfied the complaining party that it has complied within twenty (20) business days, the complaining party may apply to the Court for appropriate relief.

## DURATION OF THE DECREE AND RETENTION OF JURISDICTION

14. All provisions of this Decree shall be in effect (and the Court will retain jurisdiction to enforce this Decree) for a period of two years immediately following entry of the Decree, provided, however, that if, at the end of the two-year period, any disputes under Paragraph 13, above, remain unresolved, the Court will retain jurisdiction of this matter to resolve those disputes, timely brought under the preceding paragraph, and remedy any non-compliance with this Decree that it finds.

## MISCELLANEOUS PROVISIONS

15. Each party to this Decree shall bear its own expenses, costs, and attorney's fees.

16. The terms of this Decree are and shall be binding upon the present and future representatives, agents, directors, officers, assigns, and successors of Defendant.

17. When this Decree requires the submission by Defendant of reports, certifications, notices, or other materials to the EEOC, they shall be mailed to Gordon Waldron, Equal Employment Opportunity Commission, 500 West Madison Street, Suite 2800, Chicago, Illinois, 60661. When this Decree requires submission by the EEOC of materials to Defendants, they shall be mailed to Terence P. Smith at Connelly Sheehan Harris, 150 S. Wacker Drive, Suite 1600, Chicago, IL 60606.

ENTER

James L. Lee, Deputy General Counsel

Gwendolyn Young Reams, Associate General Counsel

Equal Employment Opportunity Commission
1801 L Street, N.W.
Washington, D.C. 20507

_____
John C. Hendrickson
Regional Attorney

_____
Gregory M. Gochanour
Supervisory Trial Attorney

_____
Gordon Waldron
Senior Trial Attorney
Equal Employment Opportunity Commission
500 West Madison Street, Suite 2800
Chicago, Illinois 60661.
(312) 353-7525

For Defendant:

_____
William Henry Barrett and
Terence P. Smith
Connelly Sheehan Harris
150 S. Wacker Drive, Suite 1600
Chicago, IL 60606
(312) 372-1969

_____
Judge Robert W. Gettleman
U.S. District Court, N.D. Ill.

Date: November 23, 2005

5

## EXHIBIT A

## RELEASE AGREEMENT

I, Gerardine ("Gail") Novak Baugh, for and in consideration of the sum of $100,000.00 payable to me pursuant to the terms of the Consent Decree entered by the Court in EEOC v. T-Mobile USA, Inc. No. 04 C 2707 (N.D. Ill.), on behalf of myself, my heirs, assigns, executors, and agents, do hereby forever release, waive, remise, acquit, and discharge T-Mobile USA Inc. and all past and present shareholders, officers, agents, employees, and representatives of it, as well as all successors and assignees of it, from any and all claims and causes of action of any kind which I now have or ever have had under the Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq., as a result of arising the subject matter and claims which were or which could have been asserted in EEOC v. T-Mobile USA, Inc., No. 04 C 2707 (N.D. Ill.).

_____          _____
Date                                Gerardine Novak Baugh

6

## EXHIBIT B

## NOTICE TO T-MOBILE, USA, INC. EMPLOYEES

This Notice is being posted pursuant to a Consent Decree entered by the federal court resolving a lawsuit filed by the Equal Employment Opportunity Commission ("EEOC") against T-Mobile USA, Inc. ("Defendant").

In its suit, the EEOC alleged that T-Mobile USA, Inc. discriminated against a female employee in violation of Title VII of the Civil Rights Act of 1964 ("Title VII").

To resolve the case, Defendant and the EEOC have entered into a Consent Decree which provides monetary relief to a female employee and provides that:

1) Defendant will not tolerate harassment on the basis of sex;

2) Defendant will not retaliate against any person because (s)he opposed any practice made unlawful by Title VII, filed a Title VII charge of discrimination, participated in any Title VII proceeding;

3) Defendant has distributed and will continue to distribute to all employees its policy against retaliation and sexual harassment and will train its employees and managers regarding retaliation and sexual harassment, and its policy;

The EEOC enforces the federal laws against discrimination in employment on the basis of race, color, religion, national origin, sex, age or disability. If you believe you have been discriminated against, you may follow the complaint procedure in Defendant's non discrimination and anti-harassment policy and you may contact the EEOC at (312) 353-2713. The EEOC charges no fees and has employees who speak languages other than English.

## THIS IS AN OFFICIAL NOTICE AND MUST NOT BE DEFACED BY ANYONE

This Notice must remain posted for two years from the date below and must not be altered, defaced or covered by any other material. Any questions about this Notice or compliance with its terms may be directed to: T-Mobile Settlement, EEOC, 500 West Madison Street, Suite 2800, Chicago, IL 60661, or to T-Mobile's Human Resources Department at (773) 444-5603.

_November 23, 2005_  
Date

_[signature]_  
Judge Robert W. Gettleman